UNITED STATES DISTRICT COURT

DISTRICT OF MICHIGAN

ALVIN JAMISON,
RICHARD JOHNSTON,

Plaintiff,

vs.

CATHERINE L. WOLFE,

Defendant

Case: 5:18-cv-10617
Judge: O'Meara, John Corbett
MJ: Whalen, R. Steven
Filed: 02-21-2018 At 03:47 PM
CMP JAMISON ET AL V. WOLFE (DA)

COMPLAINT FOR MALPRACTICE

COMES NOW, __Plaintiffs__, in PRO PER and herein above respectfully moves this Honorable Court for a _____

_____

The above is made and based on the following Memorandum of Points and Authorities.

POOR QUALITY ORIGINAL

INCONSISTENT PAGE NUMBERS

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### JURISDICTION

This court has personal and subject matter jurisdiction per 28 USC 1341, 1343, 1367, as plaintiffs are domiciled in the state of Nevada, and defendant is domiciled in the state of Michigan, and damages exceed $75,000+

### PARTIES

Plaintiffs Alvin Jamison and Richard Johnston are prisoners in the Nevada Dept of Corrections

Defendant is an attorney licensed in the state of Michigan

### SUMMARY

Plaintiff Jamison was bequeathed two empty lots in Benzie County Michigan. Matthew Radofski, and William and Toni So Sweet by and through Milca meyer PLC contacted Jamison stating they were the true legal title holders to said lots, and demanded that Jamison sign a Quit claim deed. Jamison, sold an interest in the lots to Johnston, who in turn retained Defendant to settle the land dispute, would file a Quiet title action, and Defendants filed a counterclaim of adverse possession, Defendants moved for summary judgement
+ 28 USC 1332

-2-

1  and Wolfe conceded to their claim of adverse
2  possession* literally handing the case over to the
3  defendants.

### FACTS

7  Defendant Wolfe conceded to a material factual
8  dispute, as the state circuit judge told "This
9  court finds that the plaintiffs have failed to meet their
10 burden by failing to establish that a genuine issue of material
11 fact exists as to Defendants' claim of adverse possession"∆

13 The mishandling of this case by Wolfe caused injury to
14 plaintiffs, in the loss of the lots, and all expenses
15 incurred, of the litigation by Wolfe and this instant
16 complaint, plus the intentional infliction of emotional distress

### RELIEF

19 Plaintiffs seek $50,000 actual, $150,000 compensatory
20 $100,000 punitive plus all costs, and attorney fees

23 Dated this  15  day of  Feb , 2018 .       *Alvin Jamison*
24                                             Alvin Jamison
25
26                                         By *Richard Johnston*
                                              Richard Johnston
27 * E-mail from Wolfe dated 7.15.17 appended to this complaint Pla Pro Per Ex 1
28 ∆ order granting SJ appended to this complaint as Pla Pro Per Ex 2

-3-

## CERTIFICATE OF SERVICE BY MAIL

Pursuant to NRCP Rule 5 (b), I hereby certify that I am the Petitioner/Defendant named herein and that on this _____ day of _____, 20_____, I mailed a true and correct copy of the foregoing _____ to the following:

BY: _____

1
2
#### AFFIRMATION
#### Pursuant to NRS 239b.030

3  The undersigned does hereby affirm that the preceding document, _____

4  _____
(Title of Document)

5  Filed in case number: _____

6  ☐ Document does not contain the social security number of any person

7  Or

8  ☐ Document contains the social security number of a person as required by:

9  ☐ A specific state or federal law, to wit

10  _____

11  Or

12  ☐ For the administration of a public program

13  Or

14  ☐ For an application for a federal or state grant

15  Or

16  ☐ Confidential Family Court Information Sheet
(NRS 125.130, NRS 125.230, and NRS 125b.055)

17

18  DATE: _____

19
20                                                                              _____
                                                                                (Signature)

21                                                                              _____
                                                                                (Print Name)

22                                                                              _____
23                                                                              (Attorney for)

24
25
26
27
28

Edward T. "Ned" Reed, Esq. EDWARD T. REED, PLLC P.O. Box 34763 Reno, NV 89533-4763 Office: 775.996.0687 Fax: 775.333.0201

---

**From:** Catherine Wolfe <info@clwolfelaw.com>
**To:** 'Edward Reed' <etreed53@yahoo.com>
**Sent:** Thursday, July 20, 2017 12:00 PM
**Subject:** RE: Photos

Did he sent originals? Did he send then overnight?

---

**From:** Edward Reed [mailto:etreed53@yahoo.com]
**Sent:** Thursday, July 20, 2017 11:49 AM
**To:** Catherine Wolfe
**Subject:** Re: Photos

Hi Cathy. We'll leave it up to you as far as your strategy for the motion. Thanks for letting me know. Also, according to Richard, on Monday Alvin sent 4 pictures of him as a boy on the property, etc. I would imagine you will get those today or tomorrow.

Ned

Edward T. "Ned" Reed, Esq. EDWARD T. REED, PLLC P.O. Box 34763 Reno, NV 89533-4763 Office: 775.996.0687 Fax: 775.333.0201

---

**From:** Catherine Wolfe <info@clwolfelaw.com>
**To:** 'Edward Reed' <etreed53@yahoo.com>
**Sent:** Saturday, July 15, 2017 11:43 AM
**Subject:** RE: Photos

[handwritten: prima facie / does not get any better]

Thanks Ned. After torturing myself as to the best way to present the case to the Judge on a motion for sd I have decided to concede that they can prove their claims for adverse possession *for purposes of the motion.* The motion is being brought on the basis that there is no genuine dispute as to the material facts. A determination on their adverse possession and prescriptive easement claims would require the Judge to make a factual ruling that would have to go to trial. We avoid a factual issue at this point by conceding those issues only for this motion. That means they are preserved for trial if it becomes necessary. By eliminating the disputed factual issues we can then get to all the undisputed facts that support our claim that they have unclean hands as to their defenses as well. Hope that makes sense but you will understand when you see the motion.

---

**From:** Edward Reed [mailto:etreed53@yahoo.com]
**Sent:** Saturday, July 15, 2017 2:31 PM
**To:** Catherine Wolfe
**Subject:** Re: Photos

Cathy,

STATE OF MICHIGAN

IN THE 19TH CIRCUIT COURT FOR THE COUNTY OF BENZIE

ALVIN JAMISON and
RICHARD JOHNSTON,

           Plaintiffs,

-v-

MARY J. HOLCOMB, LIONEL RADOFSKI, ANDREW D. WEGEHAUPT and MATTHEW RADOFSKI as Joint Trustees of the Lionel F. Radofski Revocable Trust u/a/d/ March 30, 2005, as amended, MATTHEW RADOFSKI Individually, WILLIAM JOE SWEET, and TONI JO SWEET,

           Defendants,

MATTHEW RADOFSKI, as Joint Trustees of the Lionel F. Radofski Revocable Trust u/a/d/ March 30, 2005, as amended, MATTHEW RADOFSKI individually, WILLIAM JOE SWEET, and TONI JO SWEET,

           Counter-Plaintiffs,

-v-

ALVIN JAMISON and
RICHARD JOHNSTON,

           Counter-Defendants.

File No. 16-10367-CH

Hon. David A. Thompson

| | |
|---|---|
| Catherine L. Wolfe (P37148)<br>Law Office of Catherine L. Wolfe, PLC<br>Attorney for Plaintiffs/Counter-Defendants<br>P.O. Box 25<br>Honor, MI 49640<br>(231) 325-3377 | Richard M. Wilson, Jr. (P29717)<br>Sarah C. Alden (P73113)<br>Mika Meyers PLC<br>Attorney for Defendants/Counter-Plaintiffs<br>Matthew Radofski, William Joe Sweet,<br>Toni Jo Sweet<br>900 Monroe Avenue, NW<br>Grand Rapids, MI 49503<br>(616) 632-8000 |

16-10367-CH

1

## OPINION FOLLOWING AUGUST 8, 2017 HEARING ON COMPETING MOTIONS FOR SUMMARY DISPOSITION

### I. FACTS

This is a quiet title action involving two parcels of property, Lot 1 and Lot 19, located on Turtle Lake[1] in the Township of Inland, County of Benzie, State of Michigan. Plaintiff Alvin Jamison's parents, Alonzo L. Jamison and Ada E. Jamison, received the property by warranty deed from the Porter-Mulder Land Company dated May 7, 1964. On May 19, 1978, Alonzo and Ada Jamison entered into a land contract with Defendant Mary Holcomb. That land contract was not recorded. Further, it is unknown whether a conveyance of record from Alonzo and Ada Jamison to Defendant Holcomb exists.

On June 18, 1982, Defendant Holcomb entered into a land contract with Defendant Lionel Radofski. That land contract was also not recorded. Title insurance, issued to Defendant Lionel Radofski by the Commonwealth Land Title Insurance Company on May 25, 1982, indicated that Alonzo and Ada Jamison owned the property subject to the unrecorded land contract interest of Defendant Holcomb. On February 20, 1990, Defendant Holcomb executed a warranty deed transferring the property to Defendant Lionel Radofski. It is undisputed that from 1982-2013 Defendant Lionel Radofski used and maintained the property and paid all property taxes associated with the subject property.

On March 30, 2005, Defendant Lionel Radofski transferred the subject property to the Lionel F. Radofski Revocable Trust by quit claim deed. Upon the death of Defendant Lionel Radofski, title transferred to Defendant Matthew Radofski by deed of trust on September 9, 2013. Defendant Matthew Radofski recorded his interest on September 18, 2013. On July 30,

---

[1] Lot 1 and Lot 19, Sportsman's Paradise, according to the plat thereof, as recorded in Liber 3 of Plats, Page 24, Inland Township, Benzie County, Michigan, excepting and excluding ½ of the oil, gas, and minerals under said lands and all rights incident thereto.

16-10367-CH

2

2014, Defendant Matthew Radofski transferred Lot 19 to Defendants William and Toni Sweet by warranty deed.

On August 8, 2017, this Court heard oral arguments on the parties competing motions for summary disposition. Having heard the arguments, this Court advised the parties that it would take the summary disposition motions under advisement and issue a written opinion. Furthermore, the Court advised the parties that any remaining motions pending before the Court could be renewed after the Court issued its opinion. The motions for summary disposition are now before the Court.

## II. LEGAL STANDARD

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. The moving party must specify the issues for which it claims there are no genuine issues of material fact and support its motion with affidavits, depositions, admissions, or other documentary evidence. See MCR 2.116(G)(3), (4). "The moving party may satisfy its burden by presenting evidence that negates an essential element of the nonmoving party's claim, or by demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the claim. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1; 890 NW2d 344 (2016). If the moving party's motion is properly supported, the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue of material fact. MCR 2.116(G)(4). The nonmoving party must not rely solely on the pleadings, but must, present affidavits or other documentary materials to establish that there is a genuine issue of material fact. *Id.*

When deciding a motion for summary disposition under this subsection, a trial court must consider the pleadings, affidavits, depositions, admissions, and any other admissible evidence submitted by the parties in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Maiden v Rozwood*, 461 Mich 109; 597 NW2d 817 (1999). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *AG v Powerpick Players' Club of Mich, LLC*, 287 Mich App 13; 783 NW2d 515 (2010) (quoting *West v GMC*, 496 Mich 177; 665 NW2d 468 (2003). If no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law. *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996).

## III. DEFENDANTS' MOTION FOR SUMMARY DISPOSITION PURSUANT TO MCR 2.116(C)(10)

As a preliminary matter, it undisputed that Plaintiffs' counsel withdrew the Plaintiffs' motion for summary disposition that was filed on December 27, 2016. Furthermore, it is undisputed that the Plaintiffs' cross-motion for summary disposition filed on July 25, 2017 was untimely pursuant to Michigan Court Rules. However, this Court, at the request of Plaintiffs' counsel, will treat the motion as a request for summary disposition pursuant to MCR 2.116(I)(2).

The Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10) claiming that no genuine issue of material fact exists that the Defendants acquired ownership of Lot 1 and Lot 19 through adverse possession; thereby, extinguishing any property interest held by the Plaintiffs. The Plaintiffs, while admittedly not challenging the elements of adverse possession, argue that the doctrine of unclean hands bars the Defendants' claim of quiet title, adverse possession, and prescriptive easement.

## A. Doctrine of Unclean Hands

Our Supreme Court has described the doctrine of unclean hands as "a doctrine to be *invoked* by the Court in its discretion to protect the *integrity* of the Court." *Stachnik v Winkel*, 394 Mich 375; 230 NW2d 529 (1975). An action to quiet title is equitable in nature; therefore, the doctrine of unclean hands is applicable. *McFerren v B & B Investment Group*, 233 Mich App 517; 655 NW2d 779 (2002). The doctrine of unclean hands operates against conduct which is (fraudulent or illegal.)

In *AG v PowerPick Players' Club of Mich, LLC*, the court explained the doctrine of unclean hands as it applies to illegal conduct. 287 Mich App 13; 783 NW2d 515 (2010). The court stated,

> It is well settled that one who seeks equitable relief must do so with clean hands. *McCluskey v Winisky*, 373 Mich 315, 321; 129 NW2d 400 (1964); *Berar Enterprises, Inc v Harmon*, 101 Mich App 216, 231; 300 NW2d 519 (1980) . . . Our Supreme Court has observed that a party who has "acted in violation of the law" is not "before the court of equity with clean hands," and is therefore "not in position to ask for any remedy in a court of equity." *Farrar v Lonsby Lumber & Coal Co*, 149 Mich 118, 121; 112 NW 726 (1907). Indeed, as stated in *Society of Good Neighbors v Mayor of Detroit*, 324 Mich 22, 28; 36 NW2d 308 (1949), a court of equity "will not lend its aid . . . to assist law violators.

Further, the Supreme Court explained in *Rose v Nat'l Auction Group* that the doctrine of unclean hands also applies to inequitable conduct that is not necessarily illegal. The court quoted *Stachnik v Winkel*, 394 Mich 375 (1975), wherein the Supreme Court described the doctrine of unclean hands as

> a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, *however improper may have been the behavior of the defendant.* That doctrine is rooted in the historical concept of the court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. This presupposes a refusal on its part to be 'the abettor of inequity'. (internal citations omitted).

16-10367-CH

5

[466 Mich 453; 646 NW2d 455 (2002)]

However, the doctrine of unclean hands is not without limitation: the misconduct must relate directly to the subject matter of the litigation. *Id.*; see also *Precision Instrument Mfg Co v Auto Maintenance Machinery Co*, 324 U.S. 806; 65 S Ct 993 (1945). This Court understands the Plaintiffs' argument that the Defendants alleged chain of title is ridden with evidence of unclean hands beginning with the acts of Defendant Holcomb. This Court, while sitting as a court of equity, must look to the whole situation, and grant or withhold relief as good conscience dictates.

First, the Plaintiff argues that the Jamison-Holcomb land contract is void *ab initio* pursuant to the rule against perpetuities. This Court finds that this argument is without merit. The cardinal rule in the construction and interpretation of contracts is to ascertain, and give effect to, the intention of the contracting parties. See *Shay v Aldrich*, 487 Mich 648; 790 NW2d 629 (2010). As such, where the parties to a contract for the sale of land make the time of performance definite, effect will be given to that provision; however, parties may also waive provisions as to time of performance. See *Ranck v Springer*, 333 Mich 671; 53 NW2d 678 (1952); *Brotman v Roelofs*, 70 Mich App 719; 246 NW2d 368 (1976).

Next, the Plaintiffs assert that Defendant Holcomb never acquired a legal interest in the subject property. The evidence relied upon by the Plaintiffs include: that the land contract was never recorded; that no deed exists transferring the property from the Jamisons to Defendant Holcomb; and that no evidence exists that Defendant Holcomb satisfied the terms of the land contract. Further, the Plaintiffs assert that Defendant Holcomb never paid the property taxes as required by the land contract. As such, the Plaintiffs argue that Defendant Holcomb never had a transferrable interest.

Michigan courts have consistently held that under a land contract, although a vendor retains (legal title) until the contractual obligations have been satisfied, the vendee is given (equitable title,) and that equitable title is a (present interest) in property that may be sold, devised, or encumbered. See *Graves v Am Acceptance Mortg Corp*, 469 Mich 608; 677 NW2d 829 (2004). "[A] land contract may be recorded, and the recording of a land contract 'shall have the same force and effect' as the recording of a deed." *Ligon v City of Detroit*, 276 Mich App 120; 739 NW2d 900 (2007) (quoting MCL 565.354). This Court finds the Defendant Holcomb by entering into a land contract with the Jamisons became the owner in equity, and that such interest may be sold, devised, or encumbered. With regards to Defendant Holcomb's performance under the land contract, there is no evidence that she failed to make the payments. Moreover, this Court finds that the Benzie County tax records provided to this Court fail to prove who in fact paid the property taxes. Accordingly, this Court finds that Defendant Holcomb was not acting with unclean hands when she sold the property to Defendant Lionel Radofski.

[handwritten margin notes: "Does Not Apply Contract Never Recorded"; "Dad Paid Taxes"]

Likewise, this Court finds that Defendant Lionel Radofski was not acting with unclean hands when he purchased the property from Defendant Holcomb on land contract. It is undisputed that Defendant Lionel Radofski obtained a Commitment for Title Insurance indicating that the legal owners of the property were Alonzo and Ada Jamison. However, that Commitment for Title Insurance further indicated that such ownership was subject to an unrecorded land contract interest of Mary Holcomb. In addition, the Commitment for Title Insurance required a satisfactory copy of land contract to be submitted to the insured. A title insurance policy was thereafter issued on May 25, 1982. Upon entering into a land contract with Defendant Holcomb, Defendant Lionel Radofski acquired a warranty deed that appears to have been signed by Defendant Holcomb. In addition, it is undisputed that Defendant Lionel Radofski

16-10367-CH

7

and his successors continuously paid the property taxes for the subject property from 1982 to present.

For the reasons stated above, this Court finds that the subsequent transfer of the subject property from: Defendant Lionel Radofski to the Defendant Lionel F. Radofski Revocable Trust; the Trust to Defendant Matthew Radofski; and Defendant Matthew Radofski to Defendant William and Toni Sweet, was done so with clean hands.

Further, this Court is not persuaded that the letter authored by Scott Hughes, attorney for Defendants, which was sent to Plaintiff Jamison, was done so with unclean hands. This Court finds that the <u>letter was based on a good faith belief</u> that the Defendants were legal owners of the property and an effort to fix the error in record title without legal action. Furthermore, Plaintiff Jamison chose to speak with an attorney and suffered no injury. This Court notes that had the Defendants secured title that was not otherwise justified, then unclean hands certainly could have been a defense. This is not the case.

## B. Adverse Possession

To establish a claim of adverse possession, a plaintiff must present proof that his or her possession of the land was actual, visible, notorious, exclusive, continuous, and uninterrupted for a period of 15 years. *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993). The Defendants have presented this Court with "affidavits, depositions, admissions, or other documentary evidence" to support their claim that no genuine issue of material fact exists that the Defendants acquired ownership to Lot 1 and 19 through adverse possession. Accordingly, this Court finds that the Defendants have met their burden, and as such, the burden shifts to the Plaintiffs to present affidavits or other documentary evidence to establish that there is a genuine issue of material fact as to those issues.

16-10367-CH  Wolfe did not file probate order to refute above poss

8

The Plaintiffs indicate in the Plaintiffs' responsive pleadings that the Plaintiffs are not contesting the ability of the Defendants to satisfy the elements of adverse possession. Instead the Plaintiffs rely on their claim that the Defendant's claim of ownership by adverse possession is barred by the doctrine of unclean hands. For the reasons stated above, this Court finds that relief pursuant to the doctrine of unclean hands is not warranted in this case. As such, this Court finds that the Plaintiffs have failed to meet their burden by failing to establish that a genuine issue of material fact exists as to the Defendants' claim of adverse possession. Accordingly, this Court grants the Defendants' motion for summary disposition pursuant to MCR 2.116(C)(10).

The Defendants shall submit an order in accordance with this opinion.

Date: 9/8/17

Honorable David A. Thompson
Chief Judge, 19th Circuit

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on September 11, 20 17.
By: ☒ U.S. Mail  ☐ FAX
☐ Hand Delivered  ☐ Overnight Courier
☐ Federal Express  ☐ Other:
Signature_____

16-10367-CH

9

Richard Johnston 91380
NNCC
P.O. Box 7000
Carson City NV. 89702

3763

RECEIVED
FEB 21 2018
CLERKS OFFICE
U.S. DISTRICT COURT

Theodore Levin
U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, Michigan 48226

L190131

Legal Mail